UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| ANTHONY LEON FOX, | ) | |
| | ) | |
|     *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 1:10-cv-217 |
| | ) | *Chief Judge Curtis L. Collier* |
| JOHNATON WALTON, BRADLEY | ) | |
| COUNTY JUSTICE CENTER | ) | |
| CORRECTIONAL OFFICER, | ) | |
| | ) | |
|     *Defendants.* | ) | |

## MEMORANDUM

The Court is in receipt of a *pro se* civil rights complaint filed by Anthony Leon Fox ("Plaintiff") pursuant to 42 U.S.C. § 1983 (Court File No. 2). On August 16, 2010, an order directing Plaintiff to submit a Prisoner Account Statement Certificate and a certified copy of his inmate trust account within thirty days from the date of the order was issued and mailed to Plaintiff at the address which he provided to the Court—the Bradley County Justice Center. The Order was returned to the Court as undeliverable, with the following notation: "Return to Sender Not Here" (Court File No. 4).

Plaintiff has not notified the Court of a current address; thus, preventing the Court from communicating with Plaintiff and preventing Plaintiff from timely responding to the Court's Order. Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of a suit when a plaintiff fails to prosecute his case. The Court's inability to communicate with Plaintiff and the Court's interest in managing the docket weigh in favor of dismissal, as the Court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the Court of his current address.

Plaintiff has given no indication that he intends to proceed with this action. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases. Given the Court's inability to communicate with Plaintiff due to his failure to keep the Court apprised of his current address, no lesser sanction than dismissal is feasible.

Therefore, this action will be **DISMISSED** for Plaintiff's failure to prosecute and to comply with the orders of this Court, *see* Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991), and his motion to proceed *in forma pauperis* will be **DENIED** (Court File No. 1).

A judgment will enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**